UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
CHAYA KOHN individually and
on behalf of all others similarly situated

                              Plaintiff,

     -against-

RUBIN & ROTHMAN LLC

                              Defendant.
===================================

## CLASS ACTION COMPLAINT

### *I.   Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1. Plaintiff Chaya Kohn brings this action to secure redress from unlawful collection practices engaged in by Defendant Rubin & Rothman LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.  Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Islandia, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.  Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.  Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about August 3, 2016, Rubin & Rothman LLC sent a collection letter to the Plaintiff Chaya Kohn. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

14. The Second Circuit stated in <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance <u>may</u> increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees."

15. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to interest and fees".

16. However if the "account balance" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt <u>will</u> accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

17. The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

18. However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose

that the "balance <u>might</u> increase due to interest and fees". *Id.* 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter <u>will</u> increase over time". *Id.* 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

19. In this case, the "Amount Due" would increase over time due to undisclosed fees. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

20. Though the August 3, 2016 letter listed an "AMOUNT OF DEBT" and demanded payment in full, the letter did not state on which date the "AMOUNT OF DEBT" was calculated, and did not explain that other charges would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date she makes a payment.

21. A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

22. Yet in reality, the "AMOUNT OF DEBT" was not static as represented by a summons and complaint which was subsequently filed against Ms. Kohn in Civil

Court, which demanded the sum of $5,688.41 together with "costs and disbursements." (see attached exhibits)

23. Since there are undisclosed costs, disbursements and fees, a consumer who pays the "AMOUNT OF DEBT" stated on the notice will not know whether the debt has been paid in full.

24. The debt collector could still seek the fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

25. The statement of an "AMOUNT OF DEBT," without notice that the amount could increase over time, or already increasing due to other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

26. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest or fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

27. Collection notices that state only the "AMOUNT OF DEBT," but do not disclose that the balance might increase due to interest or fees, are "misleading" within the meaning of Section 1692e.

28. Although the said August 3, 2016 letter stated an amount due and demanded payment in full, the letter also failed to disclose to the Plaintiff that the debt

could accrue additional charges over time.

29. Upon receiving the said August 3, 2016 letter, the Plaintiff was uncertain whether the amount due was static as there was no disclosure or admonition indicating otherwise.

30. A debtor who pays the "AMOUNT OF DEBT" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

31. The August 3, 2016 letter would cause the unsophisticated consumer uncertainty and force him or her to guess how much money he or she allegedly owed to the Defendant, how much money would accrue daily on the consumer's alleged debt, how much additional money he or she would owe if the consumer paid the amount demanded in the said letter, and if or when the Defendant's collection efforts would actually discontinue if the consumer remitted "AMOUNT OF DEBT" that the Defendant demanded.

32. The said letter fails to include any of the safe harbor language set out by the Second Circuit.

33. The Plaintiff was left unsure whether the "Current Balance" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

34. If the "Current Balance," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will always accept payment

of the amount set forth in "full satisfaction" of the debt.

35. Defendant was required to include a disclosure that the debt may increase over time, or in the alternative, the Defendant was required to disclose that the creditor will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those "safe harbor" disclosures in violation of 1692e.

36. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking undisclosed charges on this debt over time.

37. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. The said letter is a standardized form letter.

39. On information and belief, the Defendant's collection letters, such as the said August 3, 2016 collection letter, number in the hundreds.

40. The Plaintiff alleges and avers that Defendant's August 3, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use

of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

41. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

42. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

48. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V. Class Allegations

50. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. The identities of all class members are readily ascertainable from the records of Rubin & Rothman LLC and those business and governmental entities on whose behalf it attempts to collect debts.

52. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Rubin & Rothman LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

54. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

57. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

60. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.  First Cause of Action*

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the collection letter was sent to a consumer seeking payment of a personal debt;

    c) the collection letter was not returned by the postal service as undelivered;

    d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### *VII.     Violations of the Fair Debt Collection Practices Act*

63.     The Defendant's actions as set forth above in the within complaint violates the FDCPA.

64.     Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

65.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.     Jury Demand*

66.     Plaintiff demands a trial by jury.

### *IX.     Prayer for Relief*

67.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

      1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

      2) Attorney fees, litigation expenses and costs of suit;

      3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

      4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   May 2, 2017

                /s/ David Palace_____
                **Law Offices of David Palace** (DP 3855)
                383 Kingston Ave. #113
                Brooklyn, New York 11213
                Telephone: 347-651-1077
                Facsimile: 347-464-0012

# RUBIN & ROTHMAN, LLC

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]
---
DAVID K. KOWALENKO[1,2]
  Managing Attorney
  New Jersey Office
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016

REPLY TO N.Y. OFFICE

A LIMITED LIABILITY COMPANY OF NY & NJ
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
---
FAX (631) 234-1138

1-800-298-6058  Ext: 440

FRANK ROTHMAN[1]
DAVID ROTHMAN[1,2]
JOSEPH LATONA[1]
ADRIENNE CERVENKA[1]
AARON DEACON[1]
MICHAEL JOHNSON[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
MEGAN K. SULLIVAN[1,2]
---
[1] MEMBER N.Y. BAR
[2] MEMBER N.J. BAR

\* \* \* NOTICE: SEE PAGES 2 AND 3 FOR ADDITIONAL INFORMATION \* \* \*

August 03, 2016

#BWNNWGC
:[Redacted]8032#
CHAYA KOHN
1481A 58TH ST
BROOKLYN NY 11219-4647

```
             OUR FILE NO: [Redacted]0
                CREDITOR: CAPITAL ONE BANK (USA), N.A.
           AMOUNT OF DEBT: $5,688.41
```

Dear Sir/Madam,

The current creditor has a claim against you in the above amount. We must ask you to contact us to discuss payment in full of the debt or a payment arrangement.

UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER YOUR RECEIPT OF THIS LETTER, WE WILL ASSUME THE DEBT TO BE VALID.  IF YOU NOTIFY US IN WRITING WITHIN THE 30 DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL A COPY OF SUCH VERIFICATION TO YOU.  UPON YOUR WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

All checks should be sent to P.O. Box 550, Islandia, New York 11749, payable to Rubin and Rothman, and refer to our file number 1132830. In addition to personal checks, we accept WESTERN UNION and electronic payments.  You can make electronic payments on-line at RRLLC189.com or by calling us during office hours.

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

                              RUBIN & ROTHMAN, LLC

AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.

---

Federal and State law require that we treat you fairly and prohibit certain methods of debt collection. Please view our website at www.RubinRothman.com to review your rights under Federal and State Law.

CONSUMER CREDIT TRANSACTION
IMPORTANT|| YOU ARE BEING SUED||
THIS IS A COURT PAPER - A SUMMONS
DON'T THROW IT AWAY|| TALK TO A LAWYER RIGHT AWAY| PART OF YOUR PAY CAN
BE TAKEN FROM YOU(GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE
A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT||
YOU MAY HAVE TO PAY OTHER COSTS TOO|.|| IF YOU CAN'T PAY FOR YOUR OWN
LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL
APPEARANCE) WILL HELP YOU|

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
-------------------------------------
CAPITAL ONE BANK (USA), N.A.

                         Plaintiff
                -against-

CHAYA KOHN

                       Defendant(s)
-------------------------------------

SUMMONS (COPY)

Index No.          015859
Plaintiff's Residence:
4851 COX ROAD
GLEN ALLEN, VA 23060

The basis of venue designated is:
The defendant resides in
the county of KINGS

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New
York, County of Kings, at the office of the Clerk of the said Court at
141 Livingston Street, Brooklyn, New York in the County of Kings, City and
State of New York, within the time provided by law as noted below and to
file your answer to the annexed complaint with the Clerk; upon your failure
to answer, judgment will be taken against you for the sum of $   5,688.41
and the costs of this action.

SEPTEMBER   6, 2016

                                      RUBIN & ROTHMAN, LLC
                                      Attorneys for Plaintiff
                                      By:  _____/s/_____
                                        MEGHAN SULLIVAN
                                      1787 Veterans Highway
                                      Islandia, NY 11749
                                      (631) 234-1500

    (a) If this summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY
days after such service; or
    (b) If this summons is served by delivery to any person other than
you personally, or is served outside the City of New York, or by public-
ation, or by any means other than personal delivery to you within the
City of New York, you are allowed THIRTY days after the proof of service
thereof is filed with the Clerk of this Court within which to appear and
answer.

DEFENDANT(S) ADDRESS:

D1: CHAYA KOHN
1540 58TH ST   BROOKLYN, NY 11219-4747

**FILED**
CLERKS OFFICE
SEP 15 2016
**CIVIL COURT**
**KINGS COUNTY**

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Our File No.  [Redacted]0   Y        42       [Redacted]2-    4     J     SZM 000

[Redacted] 749

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
-------------------------------------
CAPITAL ONE BANK (USA), N.A.

ACCT#:\*\*1\*\*\*\*\*\*\*6390
Index No.

                                Plaintiff
    -against-                        COMPLAINT (COPY)
CHAYA KOHN

                            Defendant(s)
-------------------------------------

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

                AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought; or transacted business in the county in which this action is brought in person or through an agent, or this cause of action arose out of said transaction. Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is the original creditor.

2. Plaintiff is a national banking association.

3. Defendant(s) used a credit card issued by plaintiff and agreed to make payments for goods and services charged and/or cash advances made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement, and $ 5,688.41 is now due and owing to plaintiff from defendant(s),

WHEREFORE, plaintiff requests judgment against defendant(s) in the sum of $ 5,688.41 and the costs and disbursements of this action.

SEPTEMBER 6, 2016

RUBIN & ROTHMAN, LLC
Attorneys for Plaintiff
1787 Veterans Highway
Islandia, NY 11749
(631) 234-1500

Deponent is an attorney associated with Rubin & Rothman, LLC. To the best of deponent's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the summons and complaint or the contentions therein are not frivolous as defined in section 130-1.-(c) of the Rules of the Chief Adm. and the matter was not obtained through illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated: SEPTEMBER 6, 2016                                  /S/
                                                      MEGHAN SULLIVAN

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Our File No. [Redacted]0   X        47        [Redacted]2-   4      J    SZM 000

[Redacted]749